Porter *v.* Cobb.

THE STATE for use B. T. PORTER *v.* T. D. COBB et al.

EXEMPTION. *Commissioner's costs.* Costs taxed in favor of a commissioner for partition of lands, and collected by execution, are not exempt in the officer's hands from application by him to the satisfaction of a *fi. fa.* in his hands against the party for costs in another case.

FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale County.   T. J. FLIPPIN, J

W. E. LYNN for Porter.

THOMAS STEELE for Cobb.

McFARLAND, J., delivered the opinion of the Court.

Porter was appointed a commissioner in a County Court proceeding for the partition of land, and rendered services for which he was entitled to $16, which sum was taxed in his favor in the bill of costs.

Cobb, the Sheriff, collected the costs under execution, including the sum due Porter.

About the same time there came to Cobb's hands an execution against Porter from the Supreme Court, and Cobb satisfied the same by applying thereto

Porter *v.* Cobb.

$13.98 of the money in his hands belonging to Porter, as before stated, and paid over the balance.

Porter brings this suit to recover the $13.98, and alleged that Cobb had no right to apply it to the satisfaction of the execution, because it was exempt under the Act of 1870–71, T. & S. Code, sec. 2107*a*, which enacts that "There shall be exempt from execution, attachment or garnishment thirty dollars of the wages of mechanics or other laboring men."

Porter was a Justice of the Peace, engaged also in the practice of law before Justices of the Peace, under license, and was also a farmer and labored upon a farm, and, to use his own language, "had a tight time" to make a living with all he could do, his family consisting of himself, wife and one daughter.

Without undertaking to define what class of laboring men fall within the statute above referred to, or what wages are exempt, we hold that the exemption does not apply to the present case.

2nd, It is argued that the money was exempt upon the principle that the salaries of public officers are exempt, as held in the case of the *Bank of Tennessee* v. *Dibrell*, 3 Sneed, 379

We are of opinion, however, that this principle does not apply to the present case.

The judgment against the plaintiff will be affirmed.